FILED

2011 JAN 19 PM 4:32

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   DANIEL J. O'BRIEN (CA Bar #141720)
4  Assistant United States Attorney
   Public Corruption & Civil Rights Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California  90012
        Email: daniel.obrien@usdoj.gov
7       Telephone: (213) 894-2468
        Facsimile: (213) 894-6436
8
   Attorneys for Plaintiff
9  United States of America

10             UNITED STATES DISTRICT COURT
11         FOR THE CENTRAL DISTRICT OF CALIFORNIA
12 UNITED STATES OF AMERICA,    )   CR 11- CR11 0042
13                              )
              Plaintiff,        )   GOVERNMENT'S NOTICE OF REQUEST
14                              )   FOR DETENTION
         v.                     )
15                              )
   MIRA ZEFFREN,                )
16                              )
              Defendant.        )
17 _____ )

18      Plaintiff, United States of America, by and through its
19 counsel of record, hereby requests detention of defendant and gives
20 notice of the following material factors:
21      ____  1.  Temporary 10-day Detention Requested (§ 3142(d))
22           on the following grounds:
23           ____ a.  offense committed while defendant was on release
24                    pending (felony trial), (sentencing) (appeal) or
25                    on (probation) (parole);
26           ____ b.  alien not lawfully admitted for permanent
27                    residence;
28           ____ c.  flight risk;

|   |   |   |   |
|---|---|---|---|
| 1 |   | ____ | d. danger to community. |
| 2 | X | 2. | <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure against</u>: |
| 5 |   | ____ | a. danger to any other person or the community; |
| 6 |   | _X_ | b. flight. |
| 7 |   | 3. | <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| 10 |   | ____ | a. Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 13 |   | ____ | b. Defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 15 | ____ | 4. | <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| 17 |   | ____ | a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 22 |   | ____ | b. offense under 18 U.S.C. § 924(c) (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk); |
| 27 |   | ____ | c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, |

|     |     |     |
| --- | --- | --- |
|     |     | 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ___ | d.  | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, <u>AND</u> defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |

___ 5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

___ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4));

___ b. an offense for which maximum sentence is life imprisonment or death;

___ c. Title 21 or MDLEA offense with maximum sentence of ten years or more;

3

```
             ____   d.  instant offense is felony and defendant has two
                        or more convictions for a crime set forth in a-c
                        above or for an offense under state or local law
                        that would qualify under a, b, or c if federal
                        jurisdiction were present;
              X     e.  serious risk defendant will flee;
             ____   f.  serious risk defendant will (obstruct or attempt
                        to obstruct justice) (threaten, injure, or
                        intimidate witness or juror, or attempt to do
                        so).
____     6.  Government requests continuance of _____ days for
             detention hearing based upon the following reason:
             _____
             _____
____     7.  Good cause for continuance in excess of three days
             exists in that:
             _____
             _____
```

DATED: January 19, 2011          Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 /s/ Daniel J. O'Brien

                                 DANIEL J. O'BRIEN
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America